IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| TECHNICAL CONCEPTS BENTFIELD B.V., <br><br> Plaintiff, <br><br> v. <br><br> ROCHESTER MIDLAND CORPORATION d/b/a RMC SANOR; HYGIENE VISION LIMITED d/b/a HYGIENE VISION, <br><br> Defendants. | Civil Action No. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Technical Concepts Bentfield B.V. ("Technical Concepts" or "Plaintiff"), for its complaint against Defendants Rochester Midland Corporation d/b/a RMC Sanor ("Rochester") and Hygiene Vision Limited d/b/a Hygiene Vision ("Hygiene") (collectively, "Defendants"), seeking damages, injunctive relief, and other relief for patent infringement, alleges as follows:

### NATURE OF ACTION

1. This is an action for patent infringement arising under Title 35 of the United States Code seeking monetary damages and injunctive relief against Defendants due to their continued violation of Technical Concepts' rights in U.S. Patent No. 7,611,033.

### PARTIES

2. Technical Concepts is a limited liability corporation organized and existing under the laws of the Netherlands, having a principal place of business at Amperestraat 12, Hillegom 2181 HB, Netherlands.

3. On information and belief, Rochester is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 155 Paragon Drive, Rochester, New York 14624, and doing business as "RMC Sanor."

4. On information and belief, Rochester is engaged, *inter alia*, in the business of making, using, offering to sell, selling, and/or importing various products, including VisionCare manual and automatic soap dispensing systems (collectively, "the Accused Products") in the United States and, in particular, this district.

5. On information and belief, Hygiene is a private limited liability company organized under the laws of the United Kingdom, having a principal place of business at 36 Phillips Court, Stamford, Lincolnshire, England, PE9 2EE, and doing business as "Hygiene Vision."

6. On information and belief, Hygiene is engaged, *inter alia*, in the business of making, using, offering to sell, selling, and/or importing various products, including the Accused Products in the United States and, in particular, this district.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants have conducted and do conduct business within this district including, without limitation, directly and/or through intermediaries (distributors, third party administrators, etc.), the sale, offer for sale, and/or advertising of the infringing products described herein.

9. Because Defendants have conducted infringing activities within this District and this Court has personal jurisdiction over Defendants, on information and belief, venue in this district is proper pursuant to 28 U.S.C §§ 1391(b), (c), and (d) and 1400(b).

## PATENT-IN-SUIT

10. On May 7, 2004, a nonprovisional utility patent application entitled "Foam Dispenser, Housing and Storage Holder Therefor" was filed with the United States Patent and Trademark Office, which application resulted in the granting of United States Patent No. 7,611,033, issued on November 3, 2009 ("the '033 Patent"). A true and accurate copy of the '033 Patent, which is valid and subsisting, is attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

11. Technical Concepts is the owner by assignment of all rights, title and interest in and to the Patent-in-Suit and possesses all rights of recovery thereunder, including the right to sue for infringement and recover past damages.

## COUNT I
### (Infringement of U.S. Patent No. 7,611,033)

12. Technical Concepts hereby incorporates by reference the allegations contained in paragraphs 1 through 11 of this Complaint as if stated herein.

13. Defendants' manufacture, use, importation, offer for sale, and/or sale of the Accused Products, without Technical Concepts' authorization, have infringed and will continue to infringe, either literally or under the doctrine of equivalents at least claims 1 and 9 of the '033 Patent.

14. To the extent that the facts learned in discovery show that Defendants' infringement of the '033 Patent is or has been willful, Technical Concepts reserves the right to request such a finding at the time of trial.

15.     Defendants' conduct has caused Technical Concepts to be deprived of rights, remunerations and profits which would have otherwise come to Technical Concepts but for the infringement, thereby entitling Technical Concepts to damages.

16.     Technical Concepts has no adequate remedy at law, and Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable damage to Technical Concepts.

17.     As a result of Defendants' wrongful conduct, Technical Concepts is entitled to injunctive relief.

## RELIEF REQUESTED

WHEREFORE, Technical Concepts prays:

A.     That this Court order, adjudge and decree that the '033 Patent is valid, enforceable, and infringed by Defendants;

B.     That injunctions, preliminary and permanent, be issued out of this Court restraining Defendants, and their officers, agents, servants and employees, from directly or indirectly making or causing to be made, selling, or causing to be sold, or offering for sale, importing, or using or causing to be used in any way the inventions of the claims of the Patent-in-Suit, or otherwise directly infringing, contributorily infringing or inducing infringement of the Patent-in-Suit;

C.     That this Court order Defendants, their officers, agents, servants and employees to deliver up to this Court for destruction all products infringing upon, directly or otherwise, any claim of the Patent-in-Suit or the use of which would infringe, directly or otherwise, any claim of the Patent-in-Suit;

D.     That Defendants be ordered to account for and pay over all proceeds and profits made by them from their wrongful infringing acts, and to account for and pay to Technical Concepts damages in a sum to be determined by the Court;

  E. That, if the evidence warrants, Defendants' infringement be declared willful and the damages awarded by the Court to Technical Concepts adjusted accordingly;

  F. That, if the evidence warrants, this Court find this to be an exceptional case under 35 U.S.C. § 285 and order Defendants to pay to Technical Concepts reasonable attorney's fees and all other costs which may be incurred by Technical Concepts;

  G. That this Court order Defendants to pay the costs of this action, pre-judgment interest and post-judgment interest;

  H. That this Court grant to Technical Concepts such other and further relief as may be deemed just and equitable.

## JURY DEMAND

Technical Concepts hereby demands trial by jury on all issues so triable.

Dated: November 3, 2011    Respectfully submitted,

TECHNICAL CONCEPTS
BENTFIELD B.V.

By Counsel

/s/ David E. Finkelson
David E. Finkelson (VSB No. 44059)
Derek H. Swanson (VSB No. 73463)
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia  23219
Tel: 804.775.1157
Fax: 804.225.5377
E-mail: *dfinkelson@mcguirewoods.com*
E-mail: *dswanson@mcguirewoods.com*

*Counsel for Plaintiff*
*Technical Concepts Bentfield B.V.*