**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **RUBBERMAID COMMERCIAL PRODUCTS LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 5:11cv109** |
| **v.** | ) | |
| | ) | |
| **ROCHESTER MIDLAND CORPORATION** | ) | |
| **And** | ) | **By: Hon. Michael F. Urbanski** |
| **HYGIENE VISION LIMITED** | ) | **United States District Judge** |
| | ) | |
| **Defendants.** | ) | |

**SCHEDULING ORDER**

*The court proposes the following as a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16(b). If no party requests changes within fourteen (14) days, it will constitute the scheduling order in this case. The court may amend the order on its own motion, or* ***the parties may amend the order's disclosure and discovery provisions by submitting an agreed written plan that satisfies the requirements of Rule 26(f)****.*

## <u>Summary</u>

| | | |
|---|---|---|
| **TRIAL DATE:** | **August 27 – 31, 2012 (Jury Trial)** | |
| | **9:30 a.m.** | |
| | | |
| **PLACE:** | **UNITED STATES DISTRICT COURT** | |
| | **116 N. Main Street** | |
| | **Harrisonburg, VA 22802** | |

| | |
|---|---|
| **FED. R. CIV. P. 26(f) CONFERENCE:** | **14 days from this order** |
| **INITIAL DISCLOSURES UNDER FED. R. CIV. P. 26(a):** | **30 days from this order** |
| **PLAINTIFF(S) INITIAL EXPERT DISCLOSURE:** | **75 days from this order** |
| **DEFENDANT(S) INITIAL EXPERT DISCLOSURE:** | **90 days from this order** |
| **DEADLINE TO COMPLETE DISCOVERY:** | **90 days before trial date** |
| **DEADLINE TO FILE DISPOSITIVE MOTIONS:** | **75 days before trial date** |
| **DEADLINE FOR HEARING DISPOSITIVE MOTIONS:** | **45 days before trial date** |

## Trial and Settlement

1.       This case is set for a jury trial, scheduled to begin at 9:30 am on August 27, 2012.

2.       The parties shall contact chambers and schedule a pretrial conference to be held no later than fourteen (14) days prior to trial.

3.       Proposed jury instructions and special interrogatories must be submitted to the court at least seven (7) days prior to trial, with copies provided to opposing counsel.

4.       Motions in limine, including motions objecting to introduction of deposition testimony and trial exhibits, must be filed at least fourteen (14) days prior to trial.   Opposition briefs to any motion in limine must be filed at least seven (7) days prior to trial.

5.       If the case settles before trial and the court does not receive a proposed final order within thirty (30) days after the court received oral or written notification of the settlement, the court will dismiss the case with prejudice and retain jurisdiction to enforce the settlement if any party so moves within sixty (60) days of the entry of the dismissal order.

## Motions

6.       A supporting brief must accompany all pretrial motions, unless the motion contains the legal argument necessary to support it or is certified to be unopposed.

7.       If any motion, properly filed and briefed, is to be opposed, a brief in opposition must be filed within fourteen (14) days of the date of service of the movant's brief (or within fourteen (14) days of this order if a motion and supporting brief were served before this order). Except for good cause shown, if a brief opposing a motion is not timely filed, the court will consider the motion to be unopposed.   If a moving party desires to submit a reply brief, it must be

filed within seven (7) days of the date of service of the brief opposing the motion.   A surreply brief may not be filed without prior leave of the court.

8.     Exclusive of any accompanying exhibits, a brief may not exceed twenty-five (25) pages in length using standard margins, double-spaced lines, and a font no smaller than 12-point Times New Roman, unless the filing party first obtains leave of the court after showing good cause why a longer brief is necessary.

9.     When a dispositive motion, together with its supporting brief and exhibits, consists of fifty (50) or more pages, the filing party must send a paper courtesy copy of the documents to the chambers of the presiding Judge at P. O. Box 38, Roanoke, VA   24002-0038.

10.     No motion, brief, or exhibit may be filed under seal, except as allowed by the mandatory provisions of Western District of Virginia General Local Rule 9.   The requirements of General Local Rule 9 may not be modified by a stipulated protective order or other agreement of the parties.

11.     If any party desires a hearing on any dispositive or nondispositive motion, then no later than fourteen (14) days after the filing of the last brief on the motion, that party must contact Sue DePuy, Judicial Assistant, to set a hearing date.   If no hearing on the motion is necessary, the moving party must file a notice that the motion is ripe for decision, no later than fourteen (14) days after the filing of the last brief on the motion.   In any event, if within forty-five (45) days of the filing of any dispositive or nondispositive pretrial motion, no party has scheduled the motion for hearing or advised the court that the motion is ripe for decision, the court may deny the motion with or without prejudice.

12.     Nondispositive motions, including motions for enlargement of time, whether or not opposed, may be acted upon at any time by the court, without awaiting a response, and any party adversely affected by such action may request reconsideration, vacation or modification.

## **Witnesses**

13.     Expert witnesses who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony must prepare a written report that conforms to the requirements of Rule 26(a)(2)(B). Unless the parties otherwise agree or the court otherwise directs, the plaintiff must submit the written report of each expert not later than seventy-five (75) days from the date of this order, and the defendant must submit the written report of each expert no later than ninety (90) days from the date of this order.   Supplemental and additional reports may be thereafter submitted, if submitted in sufficient time that discovery, if desired, can be completed reasonably by the discovery cutoff date without undue duplication and expense.

14.     With respect to expert witnesses who are not retained or specially employed to provide expert testimony, such as a treating physician, or other person who may qualify as both an expert and a fact witness, the plaintiff must disclose the identity of any such witnesses and provide a summary of all opinions the witness will render and the basis therefore not later than seventy-five (75) days from the date of this order.   The defendant must disclose the identity of any such witness and provide a summary of all opinions the witness will render and the basis therefore not later than ninety (90) days from the date of this order.   Supplemental and additional disclosures may be thereafter submitted, if submitted in sufficient time that discovery, if desired, can be completed reasonably by the discovery cutoff date without undue duplication and expense.

15.     Any motion to exclude the testimony of an expert based on the sufficiency or reliability of the expert's testimony must be filed no later than the deadline for filing motions for summary judgment.

16.     The parties shall exchange lists of trial exhibits to be used in their case-in-chief and witnesses they expect to call in their case-in-chief at trial no later than twenty-one (21) days prior to trial.   For each witness, the list shall include the witness's name and address and a summary of the witness's anticipated testimony.

## Settlement Conference / Mediation

17.     Upon motion of any party, the court will refer the case to a magistrate judge to conduct a settlement conference / mediation.

It is so **ORDERED**.

Entered:   December 20, 2011

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

5